UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RYAN A. SWANK, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    4:25-cv-04171-SEM-DJQ |
| | ) |
| MARTIN EDWARDS, et al., | ) |
| | ) |
|       Defendants. | |

## **ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Robbinson Correctional Center, alleges Defendants violated his Fourteenth Amendment rights through objectively unreasonable conditions of confinement at the Warren County Jail.

The Court must "screen" Plaintiff's complaint to determine if Plaintiff states a claim for relief. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are

insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

    A. Facts

Plaintiff names as Defendants Sherrif Martin Edwards, John Doe Maintenance Personnel and Deputies Ian Haire and Ray Hogue.

A shower in the jail had a loose drain cover. The drain itself was also clogged. When the shower was in use, the standing water would conceal the easily displaced drain cover. All Defendants knew of this dangerous condition and, despite that knowledge, did not take any action to effect repair.

On October 3, 2023, at about 10:45, Plaintiff was using the shower. The shower floor flooded, and the drain cover displaced. As Plaintiff left the shower his foot was trapped in the concealed hazard and he fell, sustaining a concussion and other injuries for which he was treated at a local emergency room. He continues to suffer lasting effects of the fall.

    B. Analysis

At relevant times, Plaintiff was a pretrial detainee. As a pretrial detainee Plaintiff must allege that the conditions under which he

was detained were "objectively unreasonable," a standard higher than mere negligence, but lower than deliberate indifference as applied in Eighth Amendment circumstances for convicted prisoners. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Caselaw is more developed regarding hazardous conditions in prisons, and claims by pretrial detainees and convicted prisoners have until recently been assessed under the same standard. The Court thus describes the general contours of the law regarding hazardous conditions with some reference to prison cases while in assessing Plaintiff's claims applies the current Fourteenth Amendment standard of objective unreasonableness.

    Officials must "ensure 'reasonable safety,' not that they protect against all risks." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994)). Prisoners are protected from the unnecessary infliction of pain caused by hazardous prison conditions. *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). A prison condition is hazardous when it "poses an unreasonable peril." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). When risk of injury is small and the condition is necessarily unavoidable, such as a wet shower floor,

the Seventh Circuit has held that the condition does not pose a sufficient risk of harm. *See Pyles*, 771 F.3d at 410 ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *see also Hardin v. Baldwin*, 770 F. App'x 289, 290 (7th Cir. 2019) ("The condition that [the plaintiff] identifies is the uneven sidewalk, but the risk of tripping there is no worse than the risk present on slippery floors in prison showers.").

However, when risk of injury is great and the hazardous condition is avoidable, such as prison officials forcing inmates with their hands cuffed behind their backs to navigate stairs slicked with milk and cluttered with garbage, the Seventh Circuit has held that the condition poses a sufficient risk of harm to state a constitutional claim. *Anderson*, 835 F.3d at 683 (7th Cir. 2016); *see also Perkins v. Pfister*, 711 F. App'x 335, 337 (7th Cir. 2017) (discussing *Pyles* and *Anderson* and finding that officials occasionally forcing inmates to traverse stairs with hands cuffed behind their backs is not alone enough to state a constitutional claim).

An official's "duty to protect an inmate from harm arises because the state has placed him 'under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare.'" *Christopher v. Buss*, 384 F.3d 879, 882–83 (7th Cir. 2004) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)). An inmate will fail to state a claim for failure to protect where the inmate is able "to exercise responsibility for his own welfare." *Christopher*, 384 F.3d at 883.

Here, Plaintiff's allegations are more like the situation in *Anderson*, and less like the situation in *Pyles*. The clogged drain and loose drain grate each posed a hazard. Both were conditions that could have been easily avoided with proper maintenance. Plaintiff alleges each Defendant knew of these hazards and intentionally failed to address them. Because the open hole in the floor was concealed by the clogged drain, it is plausible that, even with reasonable care, Plaintiff was unable to ensure his own safety. These allegations state a Fourteenth Amendment claim against each named Defendant.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff states a Fourteenth Amendment claim for unconstitutional conditions of confinement against each of the named Defendants. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for the named Defendants before filing any motions, to give notice to said Defendants and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance on behalf of Defendants will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a named Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. **Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the Defendants. Therefore, no response to the answer is necessary or will be considered.**

6. **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the clerk. Plaintiff does not need to mail copies of motions and other papers to defense counsel that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. Plaintiff must mail discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

7. **Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.**

8. **Plaintiff shall immediately notify the Court, in writing, of any change in mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 21st day of October, 2025.

                          *s/ Sue E. Myerscough*
                          SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE